**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CRYSTAL CAPPS,

    Plaintiff,

                                   Case No. 3:21-cv-321-MMH-JBT

vs.

TEVA PHARMACEUTICALS USA, INC.; TEVA WOMEN'S HEALTH, INC. d/b/a TEVA WOMEN'S HEALTH, LLC; TEVA WOMEN'S HEALTH, LLC; THE COOPER COMPANIES, INC.; and COOPERSURGICAL, INC.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on March 22, 2021, by filing an eleven-count Complaint and Demand for Jury Trial (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."[1] A shotgun

---

[1] The Court also notes that the Complaint does not appear to comply with the new typography requirements set forth in the recently amended Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), which took effect on February 1, 2021. See Local Rule 1.08(a)-(b). As such, the Court directs all counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance. Going forward, filings which do not comply with this or any other Local Rule may be stricken. Indeed, the Court cautions counsel that the amended Local Rules contain numerous, significant changes. Counsel should review the Local Rules and, to familiarize themselves with key changes, are encouraged to review the "Video Presentation on New Local Rules" available on the Middle District of Florida website at www.flmd.uscourts.gov/local-rules.

complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts II-XI of the Complaint incorporate by reference all allegations of the preceding counts. See Complaint at 11-39.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and

2

unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Further, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331;

or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. However, the Court is unable to conclusively determine the citizenship of Defendants Teva Women's Health, Inc., the Cooper Companies, Inc., or CooperSurgical, Inc. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). In Hertz Corporation, the Supreme Court defined "principal place of business" to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as its "nerve center." Id. at 92-93. In practice, this normally is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings . . . ." Id. at 93.

Here, Plaintiff alleges that "Defendant Teva Women's Health, Inc., is a Delaware corporation with headquarters located at 425 Privet Rd., in Horsham, Pennsylvania," "Defendant The Cooper Companies, Inc., (hereinafter "Cooper Companies") is a Delaware corporation with headquarters at 6140 Stoneridge

4

Mall Rd., in Pleasanton, California," and "Defendant CooperSurgical, Inc., (hereinafter "Cooper Surgical") is a Delaware corporation with headquarters at 95 Corporate Dr. in Trumbull, Connecticut ." See Complaint ¶ 11, 14, 15. While in practice a corporation's headquarters is typically its nerve center, simply using the term "headquarters" in alleging federal diversity jurisdiction does not necessarily allege a company's principal place of business.  Because Plaintiff fails to allege the relevant information for establishing the citizenship of a corporation, namely the principal place of business of Teva Women's Health, Inc., the Cooper Companies, Inc., and CooperSurgical, Inc., the Court lacks sufficient information to determine these Defendants' citizenship and whether the parties to this action are diverse.[2]

---

[2] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, it is hereby

> **ORDERED**:
>
> 1. The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.
>
> 2. Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **April 9, 2021**. Failure to do so may result in a dismissal of this action.
>
> 3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.
>
> **DONE AND ORDERED** at Jacksonville, Florida on March 26, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record

---

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).